PHILIP NEUSBAUM *v.* GEORGE A. KEIM, MARY E. KEIM and WARD B. CHAMBERLIN.

In order to sustain an action, brought by a creditor to set aside, as fraudulent and void, a conveyance of real estate made by his debtor, the plaintiff must show a judgment recovered in his favor against the debtor. Unless he stands in the relation of judgment creditor he cannot attack such conveyance.

In such an action the grantees of the debtor's estate may impeach the judgment, either by showing it to be fraudulent upon its face, or by evidence *aliunde.* Only the parties to a judgment are concluded by it.

When the plaintiff's judgment is entered upon confession, they may object that the statement upon which it is entered is insufficient to sustain the judgment, and if such be the case the plaintiff's complaint will be dismissed.

A statement that the plaintiff sold to the defendant a quantity of meat in the years 1854 and 1855, and that there was justly due to the plaintiff, upon such sale, a certain specified balance, is insufficient to sustain a judgment thereon.

Such a judgment is void, and cannot be sustained by proof *aliunde* of the facts in detail, out of which the indebtedness arose.

APPEAL from a judgment dismissing the plaintiff's complaint. This action was brought by the plaintiff as judgment creditor of the defendant George A. Keim, to set aside, on the ground of fraud, a conveyance made by George A. Keim and his wife to the defendant Chamberlin, and by him conveyed to Mary E. Keim, the wife of George A. Keim. Upon the trial, the plaintiff offered in evidence a judgment in his favor, against the defendant George A. Keim, entered on confession. The state-

ment upon which the judgment was entered is stated in the opinion of the court. The defendants objected to the judgment, on the ground of the insufficiency of the statement, and moved to dismiss the complaint. The counsel for the plaintiff then offered to prove, in detail, the facts out of which the indebtedness, as set out in the confession, arose. This offer was overruled, and the complaint was dismissed. From the judgment of dismissal, the plaintiff appealed.

*F. Byrne*, for the appellant. · I. The statement and confession on which judgment was entered for the plaintiff embodied all the elements for its validity required by the Code. *School-craft* v. *Thompson*, 9 How. Pr. R. 61 ; Code, § 383. II. Even if insufficient so that it would be set aside upon motion by creditors of George A. Keim, it cannot be impeached collaterally in this action, by persons who are not creditors.

*Spier & Nash*, and *A. V. W. Van Vechten*, for the respondents. I. The judgment offered to be read in evidence by the appellant was void for uncertainty, in not complying with the provisions of the 383d section of the Code. The statement in the confession does not set forth concisely the facts out of which the debt arose. Code, § 383, subd. 2 ; *Chappel* v. *Chappel*, 2 Kernan, 215 ; *Boyden* v. *Johnson*, 11 How. P. R. 503 ; *Schoolcraft* v. *Thompson*, 7 ibid. 446 ; *Stebbins* v. *East Society of the Methodist Episcopal Church, Rochester*, 12 ibid. 401 ; *Greenwood* v. *Donaldson*, ibid. 142 ; *Davis* v. *Morris*, 21 Barb. S. C. R. 152.

II. The offer to prove by witnesses, in court, the consideration and facts of the alleged indebtedness in support of the judgment, was properly overruled by the court. In the language of Strong, Justice, it would be giving vitality to an act before it had a valid conception. *Boyden* v. *Johnson*, 11 How. 506.

This action is founded upon a judgment—the issuing of an execution thereon, and its return unsatisfied. It will not be contended that this action could be sustained without the judgment.

DALY, J.—This action was brought to set aside a conveyance of real estate, made, first, by Keim and wife to Chamberlin, and then by Chamberlin to Keim's wife, upon the ground of fraud. To enable the plaintiff to maintain the action, it was necessary for him to show that he had a judgment against Keim (*Reubens* v. *Joel*, 3 Kernan, 488) ; for, unless he stood in the relation of a judgment creditor, he could not attack the conveyance of Keim and wife to Chamberlin. He offered the record of a judgment in evidence, and, as between him and Keim, that record was conclusive. Neither of the parties to that judgment could attack it collaterally in any subsequent proceeding. But Chamberlin and Mrs. Keim, who was Chamberlin's grantee, were not estopped from impeaching it. They were not parties to the judgment, and a judgment is conclusive only upon parties to it, or those succeeding to their rights, or standing in the same relation or character. 2 Phillips, 42 ; *Dutchess of Kington's case*, 20 How. S. T. 538 ; 2 Cow. & Hill's Notes, note 10 to note 86. Mrs. Keim and Chamberlin had nothing to do with the judgment ; were in no way bound or affected by it, and it was competent for them to maintain that Neusbaum was not a judgment creditor, by showing that the judgment was fraudulent upon the face of the record, or to impeach the *bona fides* of it by evidence *aliunde*, and if they succeeded in doing so, they established that the plaintiff had no right to bring the action.

They objected, upon the trial, that the statement of facts upon which the judgment was entered up was not in compliance with the Code. The statement was in these words : " The confession of judgment is for a debt justly due to the plaintiff, arising upon the following facts : the said plaintiff, at various times, in the years 1854 and 1855, sold and delivered to me large quantities of meat, and upon such sale there is now justly due to the plaintiff, as aforesaid, a balance in the said sum of $2,114, with interest thereon, from the 18th day of February, 1855." The objection was sustained, and the plaintiff then offered to prove the consideration and facts of the indebtedness in detail in sup-

port of the judgment, but the court refused to allow him to do so, and the complaint was dismissed.

If the statement upon which the judgment was entered up was insufficient, the plaintiff could not help it out by evidence *aliunde* at the trial. It was no judgment, unless it was entered up in conformity with the requisitions of section 383 of the Code. *Boyden* v. *Johnson*, 11 How. 506.

I think the decision of the judge at the trial was correct. What the Code requires is a statement of facts and not conclusions. There must be a concise statement of the facts out of which the indebtedness arose. The fact stated is, that the plaintiff sold and delivered to the defendant Keim, at various times, in the years 1854 and 1855, large quantities of meat; then follows a conclusion that there was then justly due to the plaintiff, upon such sale, a *balance* in the sum of $2,114. This is not stating facts which show the existence of an indebtedness to $2,114—facts from which the legal and logical conclusion is, the existence of an indebtedness to that amount. If there was a balance, that balance was the difference between the whole amount or value of the meat furnished, and the amount by which it was reduced, either by payment, set-off or otherwise, and that must appear, or there is no statement of the facts. It is simply stating that there was a balance due the plaintiff of $2,114, upon a sale of meat, without showing the facts out of which that balance, which is the indebtedness, arose, further than that it arose from a sale of meat, the amount or value of which is not stated, nor the amount by which it was reduced, nor how, whether by payment, set-off or otherwise. In the most essential requisite, it is but the statement of a conclusion, founded upon facts not disclosed, and known only to the party making the statement. In view of the end designed to be accomplished by the new provision, which was, to furnish additional security to creditors against a fraudulent combination by the parties to a judgment, it would never do to sanction such a mode of stating the facts out of which the indebtedness arose. *Chappel* v. *Chappel*, 2 Kern 215. They are to be stated concisely, not with the minuteness and detail of

a bill of particulars, but the substantial facts must appear which show how the indebtedness arose:—not the inferences or conclusions of the party making the statement. *Boyden* v. *Johnson*, 11 How. 503 ; *Schoolcraft* v. *Thompson*, 9 ibid. 61; 7 ibid. 446 ; *Post* v. *Coleman*, 9 ibid. 64 ; *Stebbins* v. *East Society*, 12 ibid. 410 ; *Greenwood* v. *Donaldson*, ibid. 142 ; *Davis* v. *Morris*, 21 Barb. 152 ; *Delaware* v. *Ensign*, ibid. 85.

    Judgment affirmed.